UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: Elizabeth A. Verzani, a/k/a Elizabeth A. Godinez, d/b/a Electronic Innovations, Inc., d/b/a YRLESSWEB, Inc. Debtor(s). | Bankruptcy No. 08 B 33218 Adversary No. 09 A 00162 Chapter 7 Judge Manuel Barbosa |
| Nova Datacom, Inc., Plaintiff(s), v. In re: Elizabeth A. Verzani, a/k/a Elizabeth A. Godinez, d/b/a Electronic Innovations, Inc., d/b/a YRLESSWEB, Inc., Defendant(s). | |

## MEMORANDUM OPINION

This matter comes before the Court on the motion for summary judgment, pursuant to Fed. R. Civ. P. 56 made applicable by Fed. R. Bankr. P. 7056 and 9014, filed by plaintiff, Nova Datacom, Inc., ("Nova"), with respect to its Complaint to determine the dischargeability under 11 U.S.C. § 523(a)(2)(A) of a debt arising under a prepetition state court judgment it obtained against the Debtor.

For the reasons set forth herein, the Court DENIES Plaintiffs' motion for summary judgment.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 (2009) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is an adversary proceeding brought pursuant to Fed. R. Bankr. P. 7001(4), (6).

It is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(I) (2009).

## FACTS AND BACKGROUND

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on December 4, 2008. A little over one year before the petition date, Nova obtained a default judgment (the "Virginia Judgment") against the Debtor, entered nunc pro tunc to June 15, 2007, in the Circuit Court for Fairfax County, Virginia, for $275,000 and punitive damages in the amount of $25,000, with interest to run at the legal rate in Virginia from October 26, 2006. The Virginia Judgment was in respect of a two count complaint for common law fraud and breach of contract. The complaint alleged that the company that the Debtor was president of contracted to sell a number of Sony PlayStations to Nova, and took Nova's money but never delivered the goods. The Debtor contests some of the key factual allegations, including whether she was involved in the transaction, but Nova has moved for summary judgment, arguing that the Debtor is collaterally estopped by the Virginia Judgment from contesting the issue of whether she committed fraud.

## DISCUSSION

Summary judgment "is proper 'where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.'" Twenhafel v. State Auto Prop. and Cas. Ins. Co., 2009 WL 2914281, at *1 (7th Cir. Sept. 14, 2009)(citing Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)). The Debtor denied a number of allegations of material facts in her Answer, and therefore, unless she is precluded from raising such facts by collateral estoppel, summary judgment would not be appropriate at this time. Therefore, the key question at this time is whether collateral estoppel precludes the Debtor from contesting any of the elements of § 523(a)(2)(A).

**Choice of Law**

The first issue is which jurisdiction's law should apply to determine the collateral estoppel effect of the Virginia Judgment. The issue of nondischargeability is "a matter of federal law governed by the terms of the Bankruptcy Code." Grogan v. Garner, 498 U.S. 278, 284 (1991); Brown v. Felsen, 442 U.S. 127, 138-39 (1979). Therefore, the elements necessary to find a claim nondischargeable are determined by federal law. The Supreme Court has held that it is ultimately the bankruptcy court that must make the determination of dischargeability, since Congress gave exclusive jurisdiction to the bankruptcy courts, and therefore res judicata does not apply to determinations of dischargeability. Brown v. Felsen, 442 U.S. 127, 136-39 (1979) (A "bankruptcy court is not confined to a review of the judgment and record in the prior state court proceedings when considering the dischargeability of respondent's debt."). However, the Supreme Court in Brown expressly noted that it made no such holding with respect to collateral estoppel. Brown at 139 n.10. The Supreme Court subsequently held that a bankruptcy court can "properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge." Grogan, at 284-85.1 The Seventh Circuit Court of Appeals has held in a case involving the issue of dischargeability under Section 523(a)(2)(A) that "the effect of a judgment in subsequent litigation is determined by the law of the jurisdiction that rendered the judgment." In re Catt, 368 F.3d 789, 791 (7th Cir. 2004) (citing 28 U.S.C. §1738). That is because, under 28 U.S.C. § 1738, federal courts must give full faith and credit to state court judgments, and give them "the same preclusive effect as would be given that judgment

---

1 The Supreme Court also stated that the elements must have been "actually litigated and determined in the prior action." Grogan, at 284. However, the Supreme Court did not state that this standard was required by federal bankruptcy law. In that case, the prior judgment had been issued by a federal district court. Henson v. Garner (In re Garner), 73 B.R. 26, 28 (W.D. Mo. 1987). Because federal collateral estoppel principles require that the matter have been "actually litigated," see, e.g., Nat'l Satellite Sports, Inc. v. Eliadis, Inc., 253 F.3d 900, 908 (6th Cir. 2001), the Supreme Court's statement is consistent with the rule that a court apply the law of the jurisdiction of the prior judgment on the issue of collateral estoppel.

under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Furthermore, the Seventh Circuit Court of Appeals has held that the law of the prior judgment jurisdiction should apply with respect to collateral estoppel even if such jurisdiction gives preclusive effect to default judgments. In re Catt, 368 F.3d 789, 792 (7th Cir. 2004). Therefore, the Court must look to the law of Virginia for the preclusive effect of the Virginia Judgment.

### Collateral Estoppel Under Virginia Law

Virginia's law of collateral estoppel "precludes parties to a prior action and their privies from litigating in a subsequent action any factual issue that actually was litigated and was essential to a valid, final judgment in the prior action." TransDulles Center, Inc. v. Sharma, 472 S.E.2d 274, 275 (Va. 1996) (quoting Angstadt v. Atlantic Mut. Ins. Co., 457 S.E.2d 86, 87 (Va. 1995)). For the doctrine to apply, (1) the parties to the prior action, or their privies, must be the same, (2) the factual issue sought to be litigated actually must have been litigated in the prior action, must have been essential to the prior judgment; and the prior action must have resulted in a valid, final judgment against the party sought to be precluded in the present action, and (3) there must be mutuality, that is, a party is generally prevented from invoking the preclusive force of a judgment unless that party would have been bound had the prior litigation of the issue reached the opposite result. TransDulles at 275. The party asserting collateral estoppel has the burden of proving the elements of collateral estoppel. In re Prof'l Coatings (N.A.), Inc., 210 B.R. 66, 88 (Bankr. E.D. Va. 1997). The Court finds that Nova has not presented sufficient evidence to meet its burden of demonstrating that the fraud claim was "actually litigated" in the Virginia proceedings, and therefore, summary judgment is not appropriate at this time.

While many jurisdictions as a rule will not give collateral effect to a default judgment,

Virginia is not one of them. Although one of the requirements for collateral estoppel is that the prior action actually must have been litigated, the Virginia Supreme Court has stated that Virginia law "does not support a blanket exemption from the application of collateral estoppel in the case of a default judgment." TransDulles at 276. In TransDulles, the court found that the underlying action resulting in a default judgment had been "actually litigated" even though the defendant never appeared at the hearing or contested the matter. TransDulles at 276. However, the court gave great weight to the fact that "testimonial and documentary evidence was presented ex parte in the district court hearing." TransDulles at 276. For example, the "record established that proof was presented in the district court through a bookkeeper for the landlord and through the landlord's attorney, who presented the lease and other documents including an affidavit supporting the attorney's fees claimed." TransDulles at 276. In contrast, Virginia courts have held that a default judgment by itself is insufficient to establish "actual litigation" for purposes of collateral estoppel. See, e.g., Airlines Reporting Corp. v. Auto-Owners Ins. Co., 2000 WL 33243705, at *4 (Va. Cir. Ct. 2000) (holding that a single affidavit presented to court "does not rise to the level of 'actual litigation,' required to trigger the preclusive effect of collateral estoppel in Virginia"). As one court stated, "TransDulles stands for the proposition that, for a default judgment to trigger collateral estoppel, there must be testimony, exhibits, or some form of evidence presented to the court by the appearing party notwithstanding the one party's absence. . . . Furthermore, this testimony or evidence must be duly considered by the trial judge notwithstanding the party's absence." In re Prof'l Coatings (N.A.), Inc., 210 B.R. 66, 88 (Bankr. E.D. Va. 1997). Here, the Defendant made no appearance in the state litigation and the court issued a default judgment. Nova claims that evidence was presented to the court, but gives no description of what that evidence was, or how the court considered it. Instead, the only evidence

that Nova offers at this time is that the default judgment states that "damages have been proved by ex parte evidence." Therefore, Nova has failed to meet its burden of establishing that the matter was "actually litigated" for purposes of Virginia collateral estoppel doctrine.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' motion for summary judgment.

A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: September 17, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge